**Kenneth William QUINLAN,**
**Petitioner—Appellant,**

v.

**Randy BLADES, Warden, ISCI,**
**Respondent—Appellee.**

No. 06–35761.

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 9, 2007 *.

Filed May 14, 2007.

Dennis A. Benjamin, Esq., Nevin Benjamin & McKay, LLP, Boise, ID, for Petitioner–Appellant.

Kristina M. Schindele, Jessica M. Lorello, Esq., Office of The Idaho Attorney General, Boise, ID, for Respondent–Appellee.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Kenneth William Quinlan appeals the district court's denial in part and dismissal in part of his petition for habeas corpus. In his petition, Quinlan challenged a change in Idaho parole procedures, arguing that both facially and in its practical application, the change in procedures increased the measure of punishment accorded to his past crime of second-degree murder in violation of the Ex Post Facto Clause. We affirm.

In 1973, Quinlan was convicted of second-degree murder and sentenced to life in prison. He was previously granted parole on two occasions, but his parole was twice revoked for violations of its conditions. The second time, Quinlan was passed to his full term release date. When Quinlan was convicted in 1973, the Idaho Commission for Pardons and Parole (the "Commission") required that a parole reconsideration hearing be held no less than every thirty months. In 1987, the Commission changed its rules to delete the thirty-month requirement. In its place, the Commission adopted a rule that in order to receive a reconsideration hearing, an inmate must request reconsideration through a self-initiated progress report ("SIPR"). Idaho Admin. Code 50.01.01.500.01. Under the SIPR system, an inmate may request reconsideration of the denial of parole by filing a petition "stating the reasons reconsideration is requested and the circumstances that have changed since the last hearing." Idaho Admin. Code 50.01.01.500.01.c. An inmate may petition for reconsideration once

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

every twelve months. Idaho Admin. Code 50.01.01.500.01.d. The Commission has discretion to schedule a hearing based upon the information provided in the SIPR.

Quinlan argues that the Idaho Supreme Court unreasonably applied *California Department of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) and *Garner v. Jones*, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000), in holding that the change in procedures did not, on the face of the regulations, violate the Ex Post Facto Clause. U.S. Const., art. 1, § 9, cl. 3; *Quinlan v. Idaho Comm'n for Pardons & Parole*, 138 Idaho 726, 69 P.3d 146, 152–53 (2003). A change in parole procedures violates the Ex Post Facto Clause when it creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes." *Morales*, 514 U.S. at 509, 115 S.Ct. 1597.

As the Idaho Supreme Court noted, the change in Idaho parole procedures shares much in common with the changes upheld in *Morales* and *Garner*. *Quinlan*, 69 P.3d at 152–53. As in *Morales*, the change does not alter statutory parole eligibility standards. 514 U.S. at 508, 115 S.Ct. 1597. And, as in *Garner*, the inmate retains the ability to request expedited reviews through the SIPR process to consider a change in circumstances or new information. 529 U.S. at 254, 120 S.Ct. 1362. Given the Supreme Court's instruction that "[t]he States must have due flexibility in formulating parole procedures," the Idaho Supreme Court did not unreasonably apply Supreme Court precedent. *Id.* at 252, 120 S.Ct. 1362.

Quinlan also argues on appeal that the practical implementation of the new rule creates a sufficient risk of increased punishment. *Morales*, 514 U.S. at 509, 115 S.Ct. 1597. Under *Garner*, "[w]hen the rule does not by its own terms show a significant risk [of punishment], the [inmate may] demonstrate, by evidence drawn from the rule's practical implementation ... that its retroactive application will result in a longer period of incarceration than under the earlier rule." 529 U.S. at 255, 120 S.Ct. 1362.

We agree with the district court that Quinlan has failed to exhaust this claim. His federal court claim was supported by significantly different facts than those presented in state court. Because the new facts and theory "fundamentally alter the legal claim already considered" by the Idaho courts, the district court did not err in declining to consider this claim and dismissing it without prejudice. *Vasquez v. Hillery*, 474 U.S. 254, 260, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986).[1]

**AFFIRMED.**

---

1. We note that if Quinlan chooses to exhaust this issue in the Idaho state courts, discovery regarding the systemic or statistical effects of the procedure change on prisoners may be appropriate. *See Garner*, 529 U.S. at 255, 120 S.Ct. 1362 (emphasizing that the court must consider "evidence drawn from the rule's practical implementation" and acknowledging that discovery may well be necessary to demonstrate the practical effects of a rule).